Annette CUNNINGHAM, Plaintiff,

v.

**MOORE BUSINESS FORMS, INC., Defendant.**

No. CV85–H–1230–E.

United States District Court,
N.D. Alabama, E.D.

April 3, 1987.

Stuart E. Smith, Birmingham, Ala., for plaintiff.

William F. Gardner, John T. Sutton, Cabaniss Johnston Gardner Dumas & O'Neal, Birmingham, Ala., for defendant.

## ORDER

HANCOCK, District Judge.

On October 31, 1985, defendant filed a motion for an award to it of attorney's fees following a favorable ruling in its favor in this Title VII action. In its October 11, 1985 memorandum of decision the court expressly found and concluded that the action "was wholly without merit and must be viewed as frivolous for lack of a timely EEOC charge and lack of a plausible basis on which to apply equitable tolling so as to extend the time for filing a charge" 249 days *beyond* the 180-day time period for filing a charge. Plaintiff appealed the decision and by the November 21, 1985 order the court deferred a ruling on the motion for an award of attorney's fees until resolution of the appeal. On December 18, 1986, this court received the mandate of the appellate court affirming the judgment. On February 5, 1987 defendant filed a motion to proceed with the October 11, 1985 fee motion, to supplement that fee motion and to enforce the costs bill; and by order entered February 6, 1987 the court set the motion for hearing on April 2, 1987. In accordance with that order, plaintiff filed a written argument or brief on March 6, 1987 and defendant filed on March 11, 1987 a submission of verified materials in support of the motion, including the affidavit of an independent, unassociated and knowledgeable attorney as to the reasonable hourly charges during the relevant period. Plaintiff's former attorney also filed on March 11, 1987 an affidavit in opposition to the award of a fee. No party filed a notice of intent to offer oral testimony at the April 2, 1987 hearing in accordance with the February 6, 1987 order and no oral testimony was offered or received at the hearing. Plaintiff was not present in person or by attorney at the April 2, 1987 hearing, al-

though her former attorney, Stuart E. Smith, was present, but representing himself and not the plaintiff. Counsel for defendant were also present.

Based upon all prior proceedings herein and upon matters specifically submitted to the court in connection with the award-of-fee issue now before the court, and further based upon the proceedings this day conducted, the court ratifies and confirms its earlier determination on October 11, 1985, that this action is, and at all times has been wholly frivolous and without merit and that the prosecution of the action through the appellate process was equally as frivolous and without merit. The court concludes that an award of a fee is appropriate. Further based upon all of the foregoing, the court concludes that counsel for defendant reasonably expended 105 hours of partner time and 88 hours of associate time in the defense of this action; that $115 is a fair hourly rate for the specific partner who expended the 105 hours; that $70 is a fair hourly rate for one associate who expended 37 hours and that $60 is a fair hourly rate for another associate who expended 51 hours; that all three hourly rates are in line with rates prevailing in the community at the time for similar services by lawyers possessing reasonably comparable skill, experience and reputation; that these figures would suggest a fair lodestar fee of $17,725 and the results obtained would certainly not suggest this lodestar should be discounted; that in fact there is no basis (other than the limited financial resources of plaintiff and to honor the request of movant) to justify an adjustment of that lodestar fee downward, including (a) the element of risk, (b) the element of novelty or difficult questions, (c) preclusion of other employment, (d) awards in similar cases, or (e) the amount involved in this case or the results obtained. Notwithstanding this fact, defendant has reduced its fee request only to compensate it for 90.5 hours at $115, 19.8 hours at $70 and 40.9 hours at $60. The fair and reasonable value of the claimed hours would be $14,947.50. With the possible exception of the limited financial resources of plaintiff, a fee of $14,947.50 would be clearly

appropriate, reasonable and justified. Apparently out of consideration for the limited financial resources of plaintiff and for the desire to end this litigation without throwing more money down the well, defendant has requested the court to award only one-half of the fair value of the reduced claimed hours, or $7,473.75, plus expenses and court costs. The expenses claimed consist largely of telephone, travel and copying expenses and the total of $457.83 is fair and reasonable. Court costs have heretofore been taxed against plaintiff and are in addition to the fees and expenses which are the subject of this order. The 50% reduction of a very fair fee to the level of only $7,473.75 fully accounts for the limited financial resources of plaintiff to the extent that the court has been made aware thereof.

The court concludes that a fee of $7,473.75 and expense reimbursement of $457.83 should be awarded to defendant and assessed against plaintiff and the motion of defendant is GRANTED so as to provide therefor. The court will, however, implement this order by the entry of a judgment which will be done separately.